UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| ROLAND COATES | CIVIL ACTION NO. 05-1256-M |
| DAVID EVANS | |
| ERNEST L. SMITH, SR. | SECTION P |
| ANTHONY LEWIS | |
| ANTHONY YOUNG | |
| JEFFREY POWELL | |
| MARCUS K. LOGAN, SR. | |
| ZEPHAN GIVENS | |
| SAMMY K. REESE | JUDGE JAMES |
| | |
| VS. | MAGISTRATE JUDGE HAYES |
| | |
| OUACHITA CORRECTIONAL CENTER, ET AL. | |

## REPORT AND RECOMMENDATION

Before the court is the civil rights complaint (42 U.S.C. §1983) of *pro se* plaintiffs Roland Coates, David Evans, Ernest L. Smith, Sr., Anthony Lewis, Anthony Young, Jeffrey Powell, Marcus K. Logan, Sr., Zephan Givens, and Sammy K. Reese[1] filed *in forma pauperis* on July 11, 2005. Plaintiffs are inmates at the Ouachita Corrections Center (OCC), Monroe, Louisiana and complain of conditions of confinement at that institution.

Plaintiffs named the OCC and nurses Nancy Carter and Carmen Caraway as defendants and pray for damages of $1,000,000 each "...for our exposure to Hepatitis A, B, and C ... mental anguish, suffering and painful stress this incident has caused... [including] loss of sleep, loss of appetite, and mistrust of this corrections facility..." [Doc. 1-1, p. 5]

---

[1] Plaintiff Sammy Reese did not sign the complaint. [See Doc. 1-1, p. 5]

1

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.

## STATEMENT OF THE CASE

Sometime prior to June 19, 2005, plaintiffs were cell-mates in A-Pod-11-D at OCC. Inmate Kevin Dotson was placed in the cell. On June 19, 2005 Dotson advised his cell mates that he has Hepatitis A, B, and C. The plaintiffs told Nurse Carter and Nurse Caraway about their concerns about being exposed to the disease. They responded that so long as Dotson is not nasty or having sex with the plaintiffs, there is nothing that can be done.

Plaintiffs contend that on unspecified dates Dotson picked sores on his body, face, arms, and legs which resulted in "...blood all over his sheets and the room floor..." They again advised Carter and Caraway of this circumstance, but the nurses "laughed and ignored" their complaint. Plaintiffs requested to be "checked" but this request was also denied. On some unspecified date plaintiff's submitted an Administrative Remedies Procedure (ARP) Grievance; the response by the OCC staff was apparently negative and therefore plaintiffs filed a second step grievance. Plaintiffs claim not to have received a response to either their second or third step grievances.

Plaintiffs contend that Dotson should have been placed in isolation so as not to present a risk to his fellow inmates. Plaintiffs feel that the defendants have "...placed [their] lives at a great risk by being with this person..." Plaintiffs contend that the defendants negligently exposed the plaintiffs to Hepatitis A, B, and C. They contend that the defendants failed to comply with the plaintiffs' medical requests and that the defendants violated plaintiffs' "...civil rights governing state health and safety procedures."

**LAW AND ANALYSIS**

1. Frivolity Review

When a prisoner sues an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.1915A; 28 U.S.C. §1915(e)(2); 28 U.S.C. §1915A; *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990).

A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir.1993); see, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998).

A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir.1986).

District courts must construe *in forma pauperis* complaints liberally, but they are given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994).

A civil rights plaintiff must support his claims with specific facts demonstrating a

constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

Plaintiffs' complaint provides a detailed description of their theories of liability with respect to each named defendant. The thoroughness of the complaint convinces the court that plaintiffs have pled their best case and need not be afforded any further opportunity to amend.

Accepting all of their allegations as true, the undersigned concludes, for the reasons stated hereinafter, that plaintiffs have failed to state a claim for which relief may be granted and accordingly, recommends dismissal of the complaint.

## 2. 42 U.S.C. §1997e

Plaintiffs complain because they are housed in the same cell as an inmate who has admitted that he is infected with Hepatitis A, B, and C. Regrettable as that may be, plaintiffs have not established that they are entitled to monetary damages, and, plaintiffs pray only for an award of money damages.

42 U.S.C. § 1997e was amended by the Prison Litigation and Reform Act of 1996. Under the current version of the statute, prisoners are barred from recovering monetary damages for mental or emotional injuries "unless there is a prior showing of physical injury." *Crawford-el v. Britton*, 523 U.S. 574, 596, 118 S.Ct. 1584, 140 L.Ed.2d 759 (1998). The "physical injury" required by § 1997e(e) must be more than *de minimis* but need not be significant. *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir.1999) (citing *Siglar v. Hightower*, 112 F.3d 191 (5th

4

Cir.1997).

Plaintiffs have not demonstrated nor even alleged that any one of them suffered from any physical injury, therefore this claim for monetary damages is legally without merit. See *Herman v. Holiday*, 238 F.3d 660, 666 (5th Cir.2001) (holding that a plaintiff was not entitled to money damages as a matter of law on his claim for mental and emotional stress due to an increased risk of illness, cold showers, cold food, unsanitary dishes, insect problems, inadequate clothing, and the presence of an open cesspool near the housing unit because he did not allege any physical injuries resulting therefrom); *Harper*, 174 F.3d at 719 (finding that a prisoner complaining about his placement in administrative segregation failed to demonstrate a physical injury as required by §1997e(e) sufficient to support a claim for monetary damages). Like the plaintiff in *Herman*, *supra*, these plaintiffs seek a monetary award based upon their "exposure" to this disease. At best, the physical injuries complained of consist of loss of appetite, insomnia and, in general, "mistrust..." Such "somatic manifestations of emotional distress" are not sufficient to establish the physical injury requirement of §1997e(e). *Davis v. District of Columbia*, 158 F.3d 1342, 1349 (D.C.,1998). See also *Todd v. Graves*, 217 F.Supp.2d 958, 960 (S.D.Iowa, 2002) (increased hypertension and insomnia were insufficient to state physical injury resulting from stress, and therefore, claim for compensatory damages for stress and mental distress was barred under § 1997e(e)); *Canon v. Burkybile*, No. 99 C-4623, 2000 WL 1409852 (N.D.Ill. July 25, 2000) (finding that headaches, insomnia, stress, and stomach anxiety did not meet the physical injury requirement of § 1997e(e)).

In short, plaintiffs, having alleged no physical injury resulting from their exposure to inmate Dotson, are precluded from recovering money damages for their mental and emotional

5

stress. Their claims are frivolous and dismissal on that basis is recommended.[2]

Accordingly,

**IT IS RECOMMENDED** that plaintiffs' civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim on which relief may be granted in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

---

[2] The undersigned also notes that plaintiffs' fears are unfounded. Based upon the information provided, their exposure to a patient under the circumstances described is unlikely to result in infection.

According to the United States Department of Health and Human Services, Centers for Disease Control: (1) "Hepatitis A virus is spread from person to person by putting something in the mouth that has been contaminated with the stool of a person with hepatitis A. This type of transmission is called 'fecal-oral.' For this reason, the virus is more easily spread in areas where there are poor sanitary conditions or where good personal hygiene is not observed. ... Casual contact, as in the usual office, factory, or school setting, does not spread the virus." http://www.cdc.gov/ncidod/diseases/hepatitis/a/faqa.htm

(2) Hepatitis B "...is spread when blood or body fluids from an infected person enters the body of a person who is not infected. For example, [hepatitis B virus] is spread through having sex with an infected person without using a condom, ... by sharing drugs, needles, or 'works' when 'shooting' drugs, through needlesticks or sharps exposure on the job, or from an infected mother to her baby during birth. Hepatitis B is not spread through food or water, sharing eating utensils, breastfeeding, hugging, kissing, coughing, sneezing or by casual contact." http://www.cdc.gov/ncidod/diseases/hepatitis/b/faqb.htm

(3) Hepatitis C virus "...is spread primarily by direct contact with human blood. For example, you may have gotten infected with HCV if: you ever injected street drugs, as the needles and/or other drug 'works' used to prepare or inject the drug(s) may have someone else's blood that contained HCV on them; you received blood, blood products, or solid organs from a donor whose blood contained HCV; you were ever on long-term kidney dialysis as you may have unknowingly shared supplies/equipment that had someone else's blood on them;
you were ever a healthcare worker and had frequent contact with blood on the job, especially accidental needlesticks; your mother had hepatitis C at the time she gave birth to you. During the birth her blood may have gotten into your body; you ever had sex with a person infected with HCV; you lived with someone who was infected with HCV and shared items such as razors or toothbrushes that might have had his/her blood on them." See http: // www.cdc.gov/ncidod/ diseases/ hepatitis/c/faq.htm#1b

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglas v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

**THUS DONE AND SIGNED** in Chambers at Monroe, Louisiana, this 18th day of October, 2005.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE